SANDRY vs. LYNCH.

THE defendant having chartered the plaintiff's *Voyage broken before sailing; one fourth of the freight allowed.* vessel for a voyage from New-Orleans to Charleston and back with a return cargo, engaged to pay him two thousand dollars for the voyage. After the cargo was mostly on board an attachment was levied on it, and the voyage broken. The plaintiff brought his action claiming the two thousand dollars.

*Derbigny*, for the plaintiff. This was an entire contract. The defendant stipulated for the performance of a voyage of which New-Orleans was the *terminus a quo*, and *ad quem*. The plaintiff made the necessary preparations and, without any fault in him, the voyage was broken;

H

58

he is entitled to the consideration money; it is an entire sum, it cannot be divided.

*Duncan*, for the defendant. In charter parties freight is not earned until the voyage is performed, *Abbot* 179. In this case, it was not even begun: all that the plaintiff can require is payment for lading the vessel and for time lost. To allow the whole freight out and home, would be to make the freighter, in the present case, and in that of the loss of the vessel, an insurer. The Ordinance of Bilboa, our commercial code, does not allow in a case like this more than one half of the price agreed on for the outward voyage.

If any freighter, after he has loaded a vessel with his merchandise, should wish to annul the charter party, and unload his merchandise, he may do it. But he shall be obliged to pay the expences of loading and unloading; and shall also pay the captain or owner, one half of the freight agreed upon: with this circumstance, that if the charter-party has been made for the outward and the homeward voyage, it is to be understood that *he is to have only the half of the freight, which corresponds to the outward voyage.* *Chap.* 13, *art.* 9.

*By the Court*, LEWIS, *J. alone.* If the voyage were to have ended at the port of Charleston, and the vessel there to be at the disposal of the master, I should have no doubt (according to the Spanish authorities) that the master would

have been entitled to one moiety of the freight agreed upon; but where a vessel is chartered to go from one port to another, and back with a return cargo upon a distinct freight for the outward and homeward voyage, and the voyage be broken, the shipper is accountable for one moiety only as regards the outward voyage. The amount of freight agreed upon for the outward and homeward voyage, was an entire sum, and the only difficulty is in ascertaining the amount of the outward voyage.

Had the shipped in this instance, chartered the vessel only to the port of Charleston, there to be delivered to the master, it is presumable, he would not have undertaken to give more than half the sum here agreed upon for the whole voyage; and the voyage being broken, the master then would be entitled to only one moiety of that sum. The vessel not being employed in the homeward voyage, nor the master deprived of the use of her, I consider the law does not contemplate that the master should be entitled to the amount of freight for the whole voyage. And there seems to be no other standard for ascertaining the moiety of the outward voyage, than by allowing one fourth part of the freight agreed upon for the whole voyage, which is accordingly adjudged and decreed to the plaintiff.